# H. W. HARRY & BROTHERS vs. BENNET RADKEY.

## COURT OF APPEALS, AUSTIN TERM, 1882.

*Contract—Construction of—Evidence—Architect's plans and specifications.—* A sub-contractor on a building, being erected according to plans and specifi. cations drawn by an architect, agreed with the contractor to furnish all the tin, galvanized iron and slating, " and all the labor and material necessary to be" used and placed upon such building, "to be constructed according" to the plans and specifications of said architect; i. e., " all the tin work, galvanized iron work and slating of roof; or roofs, on said " building, " and all material for same."

In an action to recover for the contract price, wherein the contractor alleged, as a partial defense, that the plaintiff had failed to put " cresting " on a tower, the evidence showed that " cresting" is made of pressed zinc or cast iron, being distinct metals from galvanized iron or tin; that the specifications did not show the "cresting," that it was shown on the plans, but that, had the architect made his specifications more minute, the "cresting " would have been placed under the head of "galvanized iron " work on the roof.

*Held,* that under the contract the sub-contractor did not agree to construct such "cresting," nor to furnish material therefor.

Appeal from County Court of Travis county—Opinion by Hurt, J.—This suit was instituted by Harry Brothers to recover of Radkey the sum of $400, as the balance due on a contract for furnishing certain materials and doing certain specified work on the roof of the Corsicana court house. The contract was that Harry Brothers, in consideration of $3600, agreed to furnish all the tin, galvanized iron and slating, and all the labor and material necessary to be used and placed upon the Corsicana court house, to be constructed   *   *   *   according to the plans and specifications of F. E. Ruffini, architect and superintendent of the building, that is, all the tin work, galvanized iron work and slating of roof or roofs on said court house, and all material for same. The plaintiffs claimed to have furnished all of the material and performed all of the labor covered by the contract, and averred that the work was inspected and received by Ruffini, the architect named, on or about the first of September, A. D. 1881. They admitted the payment of $3200, under the contract, and sued for the balance of $400.

The defense was that plaintiffs failed to put " cresting " on the roof of the court house; that the " cresting " was a part of the work contracted to be done by Harry Brothers, and that they had failed to put it on the building, and that in consequence of such failure the defendant would have it to put on at a cost of $400.

The plaintiffs admitted that they did not put the " cresting " on the building, and the case was tried upon the single issue as to whether or not the contract between Harry Brothers and Radkey included the cresting.

The contract required the plaintiffs to do all the tin, galvanized iron and slate work on the roof of the building, according to the plans and specifications of F. E. Ruffini, the architect. The evidence showed that the cresting was an ornament intended to be fit on the tower of the building, and was to be made of pressed zinc or cast iron, not galvanized iron, tin or slate, and the pressed zinc and cast iron are both distinct metals from either tin or galvanized iron. It was also proven that the specifications did not show the cresting; that it was shown on the plans, and the architect testified that if he had drawn full and minute specifications of all the work required on the roof of the building, he would have put the specifications for cresting under the head of galvanized iron work. This is the substance of all the testimony on the disputed point. The court below held that the cresting was neither tin, slate or galvanized iron work; that it was nevertheless covered by the contract, and that it was the duty of Harry Brothers to have placed it on the building. In this the court erred. The contract between the parties was specific and unambiguous; it required of the plaintiffs that they should do the tin, galvanized iron and slate work according to the plans and specifications of the architect. This much they were required to do, and this much they did. The plans and specifications of the architect were part of the contract, in so far as concerned the tin, the galvanized iron and slate work, but no further·

This work Harry Bros. obligated themselves to do " according to the plans and specifications," but the contract cannot be extended, by construction, as to require of appellants any other duty than that specified in the contract. To hold that they should have put on the " cresting," which was to be constructed of a different metal, merely because it appeared in the plans, or because the specifications for erecting *would have* properly come under the *head* of galvanized iron work, and would be to make for the parties a contract they had not made for themselves.

The judgment of the court below is reversed, and as there is no dispute over the facts of the case, this court, proceeding to render the judgment that should have been rendered by the court below, adjudges that the appellants recover of the appellee the full sum of

$400, with legal interest thereon from the time when, under the contract, the same should have been paid, viz: September 1, 1881.

Reversed and rendered.